JOHN C. FERRIS, Administrator, etc., *vs.* E. B. FORT and others.

## October Term, 1874.

COUNTY COURT—JURISDICTION—YEAR'S SUPPORT.—The jurisdiction of the county court, under the Code, § 2285, to set apart to the widow, out of the estate of her deceased husband, a year's support for herself and family, is *ex parte* and *in rem*, and the facts necessary to give jurisdiction must appear on the face of the record; otherwise, the proceedings are void.

SAME, SAME—WHERE WIDOW HAS FAILED TO DISSENT.—The county court has no jurisdiction to relieve a widow, who has failed to dissent from her husband's will within the time prescribed by law, from the consequences of such failure.

*Jones & Steger*, for complainant.
*Ed. Baxter*, for defendants.

THE CHANCELLOR:—In the year 1867 William N. Bilbo died in this county, leaving a widow, Martha W. Bilbo, and three children. He made a last will and testament, which was duly proved and recorded on the 2d of September, 1867. By this will, after providing for the payment of debts, he gave all his property, real and personal, to his wife for life, and, after her death, to his children. He appointed his wife and defendant Fort executors of his will, but neither of them ever qualified. On the 20th of April, 1872, complainant was appointed and qualified as administrator, with the will annexed, of the estate of said William N. Bilbo. This bill was filed on the 23d of April, 1872, by the complainant, as such administrator, to recover from the defendant E. B. Fort certain personal property, then in his possession, as the property of the estate of complainant's testator. The process of subpœna and copy-bill were executed upon the defendant Fort on the 26th of April, 1872, and, on the 30th of April, 1872, it was sold under his directions, and under proceedings instituted by him, as guardian of the children of William N. Bilbo, and as their property, by the clerk of the county court of Davidson county, and the proceeds, $3,476.56, seem to

have been received by him.   The widow of the testator had died in 1871, intestate, and the defendant had been appointed and qualified as administrator of her estate, but shortly afterwards resigned the office and qualified as the guardian of the children.   The property in controversy was a part of the estate of William N. Bilbo, at his death, and consisted principally of household and kitchen furniture, and a library of books.

Upon the foregoing state of facts it is clear that the complainant would be entitled to the property in controversy, and to hold the defendant Fort responsible therefor.

The defence relied on against the *prima facie* right of the complainant, as administrator, consists of a title supposed to have been acquired, through the county court of this county, by proceedings commenced by Martha W. Bilbo, by petition filed in that court, on the 4th of October, 1869, against the children of herself and the testator, and terminated by decree on the 16th of October, 1869, undertaking to allot and set apart the said property to the said widow, as her absolute property, for the year's support of herself and children, under § 2285 of the Code.

The petition referred to stated the death of William N. Bilbo, testate, the probate of his will, as above set forth, and that petitioner and Fort were appointed executors, but had failed to qualify.   It then stated that petitioner, owing to her poverty, was unable to investigate the real condition of the estate, and, relying upon the representations of her husband in his life-time, she supposed that the provisions for her in his will were ample and satisfactory.   That it has been lately ascertained that said estate is utterly insolvent, and that the whole of his property has been, or will be, taken for the payment of his debts.   That the petitioner had, during the said month of October, 1869, appeared in open court and dissented from the will, which dissent was ordered to be entered of record.   The petitioner asked for the appointment of commissioners to set apart so much of the

personal assets as may have been necessary for the support of petitioner and her family for one year next after the decease of her husband.

The children were made defendants to this petition, and seem to have been represented by guardian *ad litem*. The county judge, by decree reciting the above facts, and expressing the opinion that the petitioner, under the circumstances, was entitled to dissent from the will, and to be endowed as if her husband had died intestate, appointed three commissioners to make the allotment prayed for. The commissioners made a year's allowance of $2,500, and allotted to her the property in controversy, at a valuation of $1,982.50, the balance to be paid out of the first moneys that might come to hand, and the allotment was confirmed by the court.

It is admitted that the property thus allotted was nearly, if not quite, all of the personal effects of the testator's estate, and had been in the possession of the widow from her husband's death. The same property sold about three years afterwards, as we have seen, for $3,476.56.

The allotment in question was claimed under § 2285 of the Code, which reads as follows:

"Upon the application of the widow of an intestate, or of a widow who dissents from her husband's will, the county court shall appoint three freeholders, unconnected with her either by consanguinity or affinity, who, being first duly sworn to act impartially, shall set apart so much of the crop, stock, provisions, moneys on hand or due, or other assets, as may be necessary for the support of such widow and her family until the expiration of one year after the decease of her husband."

The right to the year's allowance thus conceded, it will be noticed, where, as in this instance, the husband leaves a will making provision for her, is conditioned upon the widow's dissent from that will. This dissent, it is expressly provided by § 2404 of the Code, must be made by the widow signifying her dissent in open court, "within one

year after the probate of the will." The formal dissent, which may be made as of course under the law, it has always been held must be signified in open court within the time limited. *Harry* v. *Green,* 9 Humph. 182. Such dissent, by the express terms of the old act of 1784, carried into the Code in § 2404, might be made in the court where the will was probated, and may, no doubt, be made so under the Code. But the dissent in this case, the evidence shows, was not made within the time prescribed. The formal dissent was, therefore, made too late.

But, it is insisted, the circumstances disclosed by the petition in the county court were sufficient to authorize a dissent after the twelve months limited by the statute. And there can be no doubt that a widow may assert her rights as though she had dissented in time, if she has been prevented from dissenting, within the limited time, by fraud. *Smart* v. *Waterhouse,* 10 Yerg. 94. Doubtless, also, she will be entitled to like redress if the personal representative refuse to disclose to her, upon her application, the condition of her husband's estate within said period, to enable her to make her election, as provided by § 2405 of the Code. It may be, also, that, where there is no personal representative to give her information, under this section she may make out such a case as to enable her to assert her rights "as though she had dissented in time." It is obvious, however, that the right to dissent under the statute is gone after the expiration of the time limited, and all that is left is, upon a proper case, to assert her rights "as though she had dissented in time." It is equally obvious that the assertion of such rights, in the cases supposed, belong exclusively to a court of equity. The county court has no such jurisdiction. The attempt to assert such rights in that court was simply void. It is the case of a want of jurisdiction of the subject-matter, which cannot be cured by appearance, plea, consent, or otherwise. The judgment in such case is absolutely null and void. *Agee* v. *Dement,* 1 Humph. 332.

The right to the year's allowance, in the case before us, being dependent upon dissent within twelve months, and no such dissent having in fact been signified in open court within that time, the record plainly showing the contrary, the county court had no jurisdiction in the premises. The proceedings, on their face, are void. The jurisdiction is *ex parte* and *in rem*, and the facts necessary to give jurisdiction must, as in all such cases, be shown by the record. *A fortiori*, where the facts distinctly show a want of jurisdiction.

These conclusions render it unnecessary to consider whether the application under § 2285 must not be made at least within the twelve months from the death of the husband, the allowance being for the necessary support of the family during that period. See *Lyon* v. *Lyon*, 8 Ired. Eq. 201.

They also render it unnecessary to consider whether the proceedings in the county court were not a mere fraudulent device to absorb the entire personal estate of the testator upon an untrue statement of facts.

The complainants are entitled to their decree. But, as the defendant Fort was not bound to qualify as executor of William N. Bilbo's will, and is not shown to have been acting with a view to his own personal profit, and as the creditors of Bilbo's estate, if any, might long since have procured letters of administration and asserted their rights, the costs will be paid out of the fund in controversy.